**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DEIRDRE PRICE,

                            Plaintiff,

    -against-

ADA DIANA PERESS, OFFICER ROBERT
CAVALLI, SERGEANT DANIEL DEVITO,
DETECTIVE THOMAS MCCARTHY,
OFFICER DWAYNE MCCURTY, SERGEANT
ALEXANDER MOTT, RETIRED POLICE
CHIEF JAMES SALERNO, and OFFICER
BRANDON WILSON,

                            Defendants.

**OMNIBUS ORDER ON MOTIONS**

CV 18-4393 (AKT)

-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      In this Order, the Court addresses five motions which have recently been filed in this case. These include: (1) *Pro Se* Plaintiff Dierdre Price's ("Plaintiff") motion for leave to proceed *in forma pauperis* [DE 110]; (2) the Port Washington Police Department ("PWPD") Defendants' proposed briefing schedule for their intended motion to dismiss plaintiff's amended complaint [DE 112]; (3) the proposed briefing schedule consented to by all parties for the Defendants' intended motion to dismiss [DE 114]; (4) *Pro Se* Plaintiff Deirdre Price's motion for appointment of counsel (and confirming all parties' consent to briefing schedule) [DE 115]; and (5) *Pro Se* Plaintiff Deirdre Price's further motion for appointment of counsel [DE 116]. The Court addresses each of these motions in turn.

**I.**     **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 110]**

      Plaintiff filed the instant motion shortly after she filed her Amended Complaint. Plaintiff's Amended Complaint includes additional parties to the action who are either

employees of the County of Nassau or Port Washington Police Department ("PWPD") -- both named parties to the initial Complaint. DE 109. Because the docket reflects that the Plaintiff has already paid the filing fee of $400 [DE 1], it appears that the Plaintiff may have filed the instant motion in order for the United States Marshal's Service to effectuate service of the summonses and Amended Complaint on the newly added parties. The Court notes that the Plaintiff has filed executed summonses purporting to demonstrate service of the Amended Complaint on the newly added parties. DE 111. However, the manner in which the new parties were served does not strictly comply with Federal Rule 4 or New York CPLR § 308.

In lieu of requiring the Plaintiff to re-attempt to effectuate service on the newly added parties or having the United States Marshal's Service personally serve the newly added parties, the Court requests that the Nassau County Attorney and counsel for the PWPD accept service of the summonses and Amended Complaint on behalf the newly added parties who were seemingly employed by Nassau County or the PWPD during the relevant time period. The Nassau County Attorney and counsel for the PWPD are directed to advise the Court in writing whether they will accept service of the summonses and Amended Complaint on behalf of the newly added parties August 3, 2021.

The Court is also bringing certain information to the attention of Plaintiff Price with respect to her request for *in forma pauperis* status. Ms. Price appears to be under the mistaken impression that *in forma pauperis* status means that a *pro se* plaintiff does not have to pay any litigation expenses. This is incorrect. The statute which governs *in forma pauperis* status permits the waiver of **filing fees** for indigent/*in forma pauperis* defendants in order to permit such individuals access to the courts. However, it is established law in the Second Circuit that federal courts are not authorized, for example, to waive or pay witness fees or other expenses on

2

behalf of an *in forma pauperis* litigant. See Malik v. Lavally, 994 F.2d 90 (2d Cir. 1993) (emphasis added); Candelaria v. Coughlin, 133 F.3d 906 (2d Cir. 1997) (finding that Judge Sand did not abuse his discretion in denying plaintiff's request to present expert medical testimony at the government's expense since "federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant") (quoting Malik, 994 F.2d at 90). Further, "it is generally the rule, even in *pro se* cases, that plaintiff must bear the costs of his litigation, including expert expenses." Bender v. Lowe, 08 CV. 0334, 2011 WL 4001147, at *5 (S.D.N.Y. Aug. 31, 2011), affd, 531 Fed. App'x 142 (2d Cir 2013) *(quoting Ross v. Coombe,* 1996 WL 637756, at *2 (W.D.N.Y. Oct.30, 1996); see Morris v. New York City Health & Hosp. Corp., No. 09-CV-5692, 2018 WL 4762247, at *5 n.3 (E.D.N.Y. Sept. 30, 2018) (adopting magistrate judge's recommendation that pro se plaintiff's request for a witness' deposition transcript to be provided free of charge be denied since the court has no authority to order the use of federal money for discovery expenses for a pro se plaintiff in a civil case); Read v. Kwiatkowski, 15-CV-6475, 2017 WL 1180953, at *1 (W.D.N.Y. Mar. 29, 2017) ("... the costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is usually borne by the party taking the deposition, even when that party is proceeding pro se and granted in forma pauperis status"); Cain v. Atelier Esthetique, Annette Hanson, Inc., 13 CIV. 7834, 2016 WL 4190680, at *1 (S.D.N.Y. Aug. 3, 2016) (finding that notwithstanding the plaintiff's *in forma pauperis* status, the plaintiff's application for an order allowing her not to tender witness fees and travel expenses to her proposed 17 witnesses would be denied); Goode v. Faneuff, No. 3:04cv1524, 2006 WL 2401593, at *1 (D.Conn. Aug. 18, 2006) ("Although plaintiff has been granted permission to file his action in forma pauperis, 28 U.S.C. § 1915 does not authorize payment or advancement of discovery

3

expenses by the court."); *Tajeddini v. Gluch*, 942 F.Supp. 772, 782 (D.Conn.1996) (In forma pauperis status does not require the Government to advance funds to pay for deposition expenses."); *Haymes v. Smith,* 73 F.R.D. 572, 574 (W.D.N.Y.1976) ("[t]he generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action"). If the Court cautions plaintiff that before making application to the Court for coverage of any litigation expense, she refer back to this Order to refresh her recollection on the law as it applies to such expenses.

## II. The Parties' Briefing Schedule for Motions to Dismiss [DE 112], [DE 114], [DE 115]

The Court has received the parties' proposed briefing schedules for the anticipated motions to dismiss. The most recently amended schedule is contained in DE 115. Although the Court has no problem adopting this schedule, this issue may be impacted by the fact that the matter of service of the Amended Complaint is still open. If the parties believe that a further amendment is necessary on that basis, they may submit an appropriate letter to the Court.

## III. Plaintiff's Motion for Appointment of Counsel [DE 116]

Finally, the Court notes that in submitting the proposed modified briefing schedules for the anticipated motion to dismiss, the Plaintiff has requested the appointment of counsel in this matter "because [she] cannot represent [herself] as Pro Se." DE 116.[1] On November 30, 2021, the Court denied the Plaintiff's fourth motion to appoint counsel and advised the Plaintiff that she may renew her request, but only in accordance with the instructions previously given and included in the Court's November 30, 2021 Order. DE 81. The Court put the Plaintiff on notice

---

[1] The Plaintiff makes reference to an attorney, Marlon Kirton, in her July 21, 2021 letter. The Court does not know who Marlon Kirton is or what connection he has to this specific case. Therefore, the Court will not be reaching out to him in this action if that is what Plaintiff intended.

that if she renewed her request without following those instructions, the request would be automatically denied. *Id*. Notwithstanding that notice, the Plaintiff has requested the appointment of counsel without following the instructions and directives previously provided by the Court. Therefore, the request is DENIED.

**Counsel for the Nassau County Defendants is directed to serve a copy of this Order upon the Pro Se Plaintiff forthwith by first-class mail and email (if feasible) and to file proof of such service on ECF by July 30, 2021**.

**SO ORDERED.**

Dated: Central Islip, New York
      July 27, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge